Chairman, Hon. Jeffrey H. Langton, Member, Hon. Marge Johnson, Member, Hon. David Cybulski.

STATE OF MONTANA,
   Plaintiff,                            No. DC-99-229
vs.                                      Decision
PETER W. WEATHERWAX,
   Defendant.

On March 30, 2000, the defendant was sentenced to the following: Count I: Five (5) years in the Montana State Prison; Count II: Five (5) years in the Montana State Prison, to run consecutively to the sentence imposed in Count I. Counts III, IV, and V: Six (6) months, on each count, in the Gallatin County Detention Center, to run concurrently with each other and with Count I.

On August 25, 2000, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by Stan Peeler. The state was represented by Marty Lambert.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

It is the unanimous decision of the Sentence Review Division that the sentence shall be amended to the following: Count I: Ten (10) years in the Montana State Prison, with five (5) years suspended; and Count II: Ten (10) years in the Montana State Prison, all suspended, to run consecutively to the sentence imposed in Count I. The sentences imposed in Counts III, IV, and V shall remain the same. Prior to the defendant being considered for parole or early discharge, the defendant must successfully complete the following at the prison:

the Chemical Dependency Program, the Moral Reconation Treatment Program, the Criminal Thinking Errors Program, and the Anger Management Program.

Defendant is subject to the following conditions with respect to parole or probation:

1) That the defendant shall be under the supervision of the Department of Corrections of the State of Montana and shall obey all rules of probation;

2) That the defendant shall pay a probationary supervision fee of $10.00 per month or $120.00 per year, pursuant to §46-23-10, MCA, on a schedule to be determined by the Probation Officer;

3) That the defendant shall pay the statutory surcharge fee(s) in the amount of $85.00;

4) That the defendant shall pay the crime victim fee of $50.00;

5) That the defendant shall pay the Court Information Technology fee in the amount of $25.00;

6) The Defendant shall make all of the above payments to the Clerk of District Court in Gallatin County, on a schedule to be determined by the Probation Officer;

7) The Defendant shall obey all city, county, state and federal laws, all current court orders, and shall conduct himself as a good citizen at all times;

8) The Defendant shall not own, possess, or control any firearms, ammunition, deadly weapons, explosives, or destructive devices;

9) The Defendant shall not possess or be in control of any scanners or other law enforcement monitoring devices while under the supervision of the Department of Corrections;

10) The Defendant shall not purchase, possess, or consume any intoxicating beverages or enter any establishment where alcoholic beverages are the primary source of sales;

11) The Defendant shall submit to random blood, breath and/or urine screening tests for the presence of alcohol and/or drugs at the reasonable request of the Probation Officer without a search warrant;

12) The Defendant shall submit to a search of his person, residence, and /or vehicle at the reasonable request of the Probation Officer without a search warrant;

13) The Defendant shall have no contact or communication, direct or indirect, with the victim or any prosecution witness;

14) The Defendant shall participate in chemical dependency treatment, after-care, or relapse prevention throughout the entire term

of his sentence, as directed by the Probation Officer, at the Defendant's own expense;

15) As directed by the Probation Officer, the Defendant shall obtain a mental health evaluation and follow any treatment plan recommended, including but not limited to drug therapy, at his own expense;

16) As directed by the Probation Officer, the Defendant shall enter, participate in and successfully complete an Anger Management Program, at his own expense;

17) The Defendant shall not gamble or frequent establishments featuring casino gambling;

18) The Defendant shall enter into and complete a pre-release program and/or intensive supervision program upon his release to parole or probation.

The reasons for the amendment are that the sentence is clearly inadequate, both for the defendant's rehabilitation needs and for community protection.

Done in open Court this 25th day of August, 2000.

DATED this 11th day of September, 2000.

Chairman, Hon. Jeffrey H. Langton, Member, Hon. Marge Johnson, Member, Hon. David Cybulski.